OPINION JUDGMENT ENTRY
{¶ 1} Appellant Steven Hinton appeals the decision of the Mount Vernon Municipal Court that denied his motion to withdraw a no contest plea entered in 1978. The following facts give rise to this appeal.
 {¶ 2} On July 3, 1978, appellant was charged with leaving the scene of an accident. Appellant initially entered a plea of not guilty to this charge. However, on July 26, 1978, appellant changed his plea to no contest. On September 7, 1978, following a pre-sentence investigation, the trial court sentenced appellant.
 {¶ 3} Thereafter, on July 14, 1998, the Franklin County Grand Jury indicted appellant for the offense of trafficking in cocaine. Appellant subsequently entered a plea to an amended charge. On November 23, 1998, the trial court sentenced appellant to community control sanctions.
 {¶ 4} On March 3, 2003, appellant filed an application for sealing of record in the Franklin County Court of Common Pleas. The state opposed appellant's application on the basis that appellant's prior conviction, for leaving the scene of an accident, did not qualify him as a "first offender" under R.C.2953.31(A). On October 1, 2003, the trial court dismissed appellant's application.
 {¶ 5} On February 24, 2004, appellant filed a motion to withdraw his no contest plea, entered in 1978, seeking to vacate his conviction for leaving the scene of an accident. Appellant sought to withdraw his plea of no contest, in order to meet the definition of "first offender," so he could seek expungement of his conviction for trafficking in cocaine. The trial court denied appellant's motion to withdraw on March 17, 2004.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 7} "I. It is error for the trial court to deny a motion to withdraw a no contest plea/vacate conviction when there is no evidence that the underlying no contest plea was entered voluntarily, intelligently and knowingly as is required by the united states and ohio constitutions."
 I {¶ 8} In his sole assignment of error, appellant maintains the trial court erred when it denied his motion to withdraw a no contest plea which appellant alleges was not entered knowingly, voluntarily and intelligently. We disagree.
 {¶ 9} Appellant entered the no contest plea, which is the subject of his motion, in July 1978. The record pertaining to this charge no longer exists. A municipal court is only required to retain its records for a period of five years. See S.Ct.Sup.R. 26.05(F)(3). Therefore, the record of the proceedings wherein appellant entered his plea of no contest is no longer in existence.
 {¶ 10} When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the trial court's proceedings and affirm. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Because appellant cannot provide this court with those portions of the transcript necessary for resolution of his sole assignment of error, i.e. the transcript of the change of plea hearing of July 26, 1978, we must presume the regularity of the proceedings below in the trial court.
 {¶ 11} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 12} For the foregoing reasons, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is hereby affirmed.
Wise, P.J., Edwards, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is affirmed.
Costs assessed to appellant.